**Ricky Wayne JESTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 584S211.**

Supreme Court of Indiana.

Sept. 19, 1984.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of the crime of Robbery, a Class B felony. He was sentenced to fourteen (14) years of imprisonment.

The facts are these. On November 7, 1982, Chronister's Pharmacy on South Anthony in Fort Wayne, Indiana, was robbed. On the night of November 6, 1982, there was a party at the home of the appellant, Ricky Wayne Jester. At that party, the appellant discussed the possibility of robbing Chronister's Pharmacy. On the morning of the robbery, the appellant telephoned his friend, Lisa Martony, who worked at the pharmacy, inquiring as to whether the back door was open, and as to the whereabouts of the stock boy.

Appellant's brother, Terry Jester, asked Allen White if he wanted to become involved in the robbery and make some money. Marty Galvin told Martony he was going to borrow her 1974 Chevrolet Impala. Appellant also stated he was going to borrow the car.

White, Jester and appellant went to the pharmacy, parked nearby in Martony's car, and entered the pharmacy around 2:00 P.M. They looked the place over and spoke to Martony before leaving. At approximately 4:00 P.M., they all returned to the pharmacy. Robin Baker, the pharmacist, testified that at that time she normally counted money. The appellant motioned for her to come to the east end of the counter. Appellant was wearing a dark-colored jacket with a Dana insignia. At the same time, Jester held a gun pointed at Baker. At the time, Jester was wearing a ski mask. Appellant then handed Baker two grocery sacks and demanded money. Baker complied with his request. Appellant then demanded Quaaludes which were given to him. Following the robbery, Baker determined that $730.51 had been stolen.

As the three robbers were exiting the pharmacy, Martony's father came into the pharmacy. He saw a masked individual

with a pistol and also saw a person wearing a rolled up hat, carrying a sack.

Alan Marquadt, a Fort Wayne policeman, received a call at 4:05 P.M. advising him of the robbery. Baker gave Officer Marquadt a description of the suspects, including the dark jacket, stocking caps and the weapon. Mr. Martony advised the officer he could give a description of the getaway car because it was identical to his daughter's car. They, in fact, discovered that the car was his daughter's car. Mr. Martony found his daughter's car parked in the middle of the street a few blocks away from appellant's home. Inside the car the police found a ski mask, gloves and a paper sack.

The police went to Galvin's home, where Galvin's mother stated he was at appellant's house. Jester answered the door at appellant's house where police seized the jacket with the Dana insignia. White, who was also there, took the police to the alley where they found a roll of pennies and a grocery sack.

Police then went to the appellant's mother's home where she gave them the weapon allegedly involved in the robbery.

Officer DiFilippo, after receiving information from Officer Marquadt, spotted and stopped a yellow and tan station wagon which the appellant was driving. The officer searched appellant and found $715 in cash in appellant's pocket.

Baker identified appellant at the trial as the one who robbed her on November 7, 1982.

Appellant's first assignment of error is that there is insufficient evidence to sustain a conviction of robbery. He cites testimony of some of the participants in the robbery, to the effect that appellant was not one of the participants. However, this was a matter for the jury to determine. *Staton v. State*, (1981) Ind., 428 N.E.2d 1203. The evidence stated above is sufficient to sustain the verdict of the jury that the appellant is guilty of robbery.

Appellant claims the State failed in its burden of showing the robbery occurred in Allen County, Indiana. Examination of the record, in this case, discloses a specific statement by witness Baker that Chronister's Pharmacy, where she was working, was located at 3111 South Anthony, which is located in Allen County, Indiana. Such testimony is sufficient to sustain the fact that the robbery occurred in Allen County and that the venue was properly fixed. *See Razo v. State*, (1982) Ind.App., 431 N.E.2d 550.

The trial court is in all things affirmed.

All Justices concur.